874 So.2d 847 (2004)
SIMONS PETROLEUM, INC.
v.
Dane FALGOUT, Sales Tax Collector, for the Sales and Use Tax Department of the Pointe Coupee Parish Police Jury
Pointe Coupee Parish Police Jury Through its Sales and Use Tax Department
v.
Simons Petroleum, Inc.
No. 2003 CA 2600, 2003 CA 2601.
Court of Appeal of Louisiana, First Circuit.
March 4, 2004.
*848 Robert R. Ranier, Frederick Mulhearn, Baton Rouge, Counsel for Plaintiff/Appellee Pointe Coupee Parish Police Jury through its Sales and Use Tax Department.
Stephen H. Myers, Richard H. Morgan, Lafayette, Counsel for Defendant/Appellant Simons Petroleum, Inc.
Before: WHIPPLE, KUHN, and McDONALD, JJ.
KUHN, J.
Appellant-taxpayer, Simons Petroleum, Inc. (Simons Petro), appeals the trial court's judgment, denying its exceptions and enjoining the taxpayer from further pursuit of business until payment of delinquent taxes to appellee-tax collector, Pointe Coupee Parish Police Jury through its Sales Tax Department (Pointe Coupee Parish). We affirm.

FACTUAL AND PROCEDURAL BACKGROUND
Simons Petro was notified in a formal assessment letter that it owed Pointe Coupee Parish unpaid sales tax, interest, and penalties in the amount of $86,135.50 for January 1, 1997 through March 31, 1999. The taxpayer remitted the assessed amount under protest and filed a lawsuit for its recovery. Along with its answer to the lawsuit, Point Coupee Parish filed a reconventional demand seeking, among other things, additional taxes based on allegations that the amount the tax collector had formally assessed Simons Petro incorrectly calculated the tax at a lower than the full parish-wide sales tax rate for which the taxpayer was liable.
On October 15, 2002, the trial court signed a judgment in favor of Pointe Coupee Parish, expressly dismissing Simons Petro's lawsuit and affirming the tax collector's entitlement to the assessed amount that the taxpayer had paid under protest. The judgment also granted the tax collector the requested relief on the reconventional demand, awarding additional sales taxes of $18,080.42 plus interest, which represented the difference between the assessed amount Simons Petro paid under protest and the total amount of sales taxes owed by the taxpayer. Simons Petro devolutively appealed that judgment, which was recently affirmed by this court. See Simons Petroleum, Inc. v. Falgout, XXXX-XXXX (La.App. 1st Cir.2/23/04), 873 So.2d 65.
Subsequent to the trial court's rendition of judgment, Pointe Coupee Parish instituted this action by filing a rule to show cause, seeking to enjoin Simons Petro from further pursuit of its business until the taxpayer paid the outstanding delinquent sales taxes in the amount of $18,080.42, plus interest, as determined by the trial court in its October 15, 2002 judgment. Simons Petro answered the rule and filed various exceptions.
After a hearing, the trial court denied all the exceptions and rendered judgment in favor of Pointe Coupee Parish, enjoining Simons Petro "from the further pursuit of business until ... it has paid to [the tax collector] delinquent [sales] taxes in the *849 amount of $18,080.42 plus applicable interest, as shown in the judgment signed on October 15, 2002 ... or until reversal of said judgment." Simons Petro appeals, urging the trial court was erroneous in denying its exceptions.

RULE TO CEASE BUSINESS
According to La. R.S. 33:2841:
A political corporation may through the officer whose duty it is to receive and collect the taxes and moneys due the corporation, enforce the collection of any taxes due to it, within the time and in the manner provided for the collection of taxes due to the state.
Relying on Section 40 of the Pointe Coupee School Board Sales and Use Tax Ordinance (Section 40), which the taxpayer does not dispute was enacted pursuant to La. R.S. 33:2841, Point Coupee Parish claims entitlement to enjoin Simons Petro from further pursuit of business until the delinquent tax is paid.[1] Section 40 states:
Failure to pay the Tax as provided in this Ordinance shall ipso facto, without demand or putting in default, cause the tax, interest, penalties, and costs to become immediately delinquent, and the Tax Collector has the authority, on motion in a court of competent jurisdiction, to take a rule on the [taxpayer], to show cause in not less than two or more than ten days, exclusive of holidays, why the [taxpayer] should not be ordered to cease from further pursuit of business.... This rule may be tried out of term and in chambers, and shall always be tried by preference. If the rule is made absolute, the order rendered thereon shall be considered a judgment in favor of the Tax Collector, prohibiting the [taxpayer] from the further pursuit of said business until such time as he has paid the delinquent tax, interest, penalties and costs, and every violation of the injunction shall be considered as a contempt of court, and punished according to law.
See also La. R.S. 47:314 (permitting the State to enjoin taxpayers delinquent in payment of state sales taxes from further pursuit of business until payment) and La. R.S. 47:337.33 (expressly effective after date of enforcement of this sales tax, permitting political subdivisions to enjoin taxpayers delinquent in payment of local sales taxes from further pursuit of business until payment).

LIS PENDENS
According to La. C.C.P. art. 531:
When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed ....
Simons Petro urges that Pointe Coupee Parish's pleading seeking to enjoin the taxpayer from the further pursuit of *850 business is actually the same cause of action, involving the same parties, and seeking the same object, namely collection of $18,080.42 awarded to the tax collector in the October 15, 2002 judgment in addition to the taxes paid under protest. But the record establishes that the pleading, initially instituted as a separate action in a different division of the district court, was subsequently transferred to and prosecuted in the same proceeding which yielded the October 15, 2003 judgment. Simons Petro has not raised any contentions challenging the order of transfer. Because "two or more suits" are not pending, the trial court correctly denied the exception of lis pendens.

UNAUTHORIZED USE OF SUMMARY PROCEEDING
Summary proceedings may be used for trial or disposition of those matters in which the law permits summary proceedings to be used. See La. C.C.P. art. 2592(11).
Simons Petro contends that the Section 40 summary procedure may not be used after rendition of a judgment in favor of the tax collector obtained by the assessment and distraint procedure set forth in La. R.S. 47:1562-1573.
We find nothing in the "Assessment and Collection Procedures" of Part III of Chapter 18 of Title 47 of the Revised Statutes that limits the tax collector from initiating a summary proceeding in this case. Louisiana Revised Statute 47:1561 provides alternative remedies by which the tax collector may proceed to enforce the collection of any taxes due and states "the fact that the [tax] collector has initiated proceedings under the assessment and distraint procedure will not preclude him from thereafter proceeding by summary or ordinary court proceedings for the enforcement of the same tax obligation." And the plain language of La. R.S. 47:1561 does not otherwise circumscribe to the time before judgment is rendered the tax collector's discretionary choices of proceeding by summary or ordinary court proceedings after initially having commenced enforcement of a tax obligation by assessment and distraint.
Simons Petro also urges that in taking this Section 40 rule subsequent to rendition of the October 15, 2002 summary judgment in favor of the tax collector, Point Coupee Parish attempts to utilize a procedure to enforce its money judgment that is "intended to enable the [tax collector] to judicially make a determination of the taxes owed." But Simons Petro offers no support for this assertion, and we find nothing in the Section 40 that requires us to so construe it.
In this case, the tax collector used the October 15, 2002 judgment to prove the taxpayer failed to pay the judicially-determined tax due under the Pointe Coupee Parish School Board Sales and Use Tax Ordinance in the amount of $18,080.42. With this showing, the tax collector requested the injunction ordering the taxpayer to cease from further business. Nothing done by the tax collector is in derogation of the terms of Section 40. Synchronizing Section 40 with the Assessment and Collection Procedures, see La. R.S. 47:1561-1581, and cognizant of the express grant to tax collectors in La. R.S. 47:1561 giving them the discretion to proceed by summary or ordinary court proceeding for enforcement of tax obligations originally initiated by assessment and distraint, it appears to us Section 40 simply provides sales and use tax collectors with another summary-proceeding7remedy to enforce collection of a delinquent tax obligation. See and compare La. R.S. 47:1574.1 (expressly effective after the date of collection of this sales tax permitting the State to enjoin delinquent taxpayers *851 from further pursuit of business for amounts due as a result of assessments of judgments which have become final and non-appealable).
Accordingly, we conclude the trial court correctly overruled Simons Petro's dilatory exception of unauthorized use of summary proceedings.

RES JUDICATA[2]
Louisiana Revised Statute 13:4231 provides in relevant part:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

* * *
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Simons Petro asserts that Pointe Coupee Parish is precluded from taking the rule to show cause ordering the taxpayer to cease from further pursuit of business since the tax collector failed to plead entitlement to that Section 40 relief in the summary judgment proceeding which resulted in the October 15, 2002 judgment. The crux of Simons Petro's contention is that the Section 40 rule was a cause of action which existed at the time of October 15, 2002 judgment that arose out of the transaction or occurrence that is the subject matter of the litigation. Thus, Simons Petro reasons, under La. R.S. 13:4231(2), the tax collector's pleading asserting entitlement to that Section 40 relief was extinguished and is, therefore, barred by the October 15, 2002 judgment.
Simons Petro overlooks that in taking the Section 40 rule, Pointe Coupee Parish is not asserting a different cause of action but merely seeking to execute or give effect to the liability arising from the same cause of action which resulted in the October 15, 2002 judgment, which the taxpayer did not suspensively appeal. According to La. C.C.P. art.2088(7), a trial court retains jurisdiction in the case over those matters not reviewable under the appeal including the right of the tax collector-appellee to execute or give effect to the *852 judgment when its execution or effect is not suspended by the appeal. See also La. C.C.P. art.2087. None of the terms used in Section 40 precludes the tax collector from taking the rule ordering the taxpayer's cessation from further business in the execution of or giving effect to a judgment determinative of the issue of whether any tax is due under the Pointe Coupee Parish School Board Sales and Use Tax Ordinance. We find no error in the trial court's overruling of the exception of res judicata.[3]

DECREE
Accordingly, the trial court's judgment denying the exceptions and enjoining Simons Petro from the further pursuit of business until the taxpayer pays delinquent taxes in the amount of $18,080.42, plus applicable interest, as shown in the October 15, 2003 judgment, affirmed by this court in Simons Petroleum, Inc. v. Falgout, XXXX-XXXX (La.App. 1st Cir.2/23/04), 873 So.2d 65, is affirmed. Appeal costs in this case are assessed to Simons Petroleum, Inc.
AFFIRMED.
NOTES
[1] At the hearing on the motion for summary judgment that resulted in the October 15, 2002 judgment, which concluded that the tax collector was entitled to levy and impose the tax on Simons Petro's sales of off road diesel fuel during the assessed period, the parties stipulated that the parish-wide tax rate in effect included 1% pursuant to the Pointe Coupee Parish School Board Sales and Use Ordinance. And Pointe Coupee Parish's reconventional demand in the underlying summary judgment proceeding alleged that Simons Petro's total off road diesel sales during the assessed period exceeded $2,000,000.00. Mindful that the quantum of the taxes awarded in the October 15, 2002 judgment was not an appealed issue in Simons Petro's devolutive appeal, see Simons Petroleum, Inc. v. Falgout, XXXX-XXXX (La.App. 1st Cir.2/23/04), 873 So.2d. 65, we note the amount of $18,080.34 awarded to the tax collector in addition to the taxes Simons Petro paid under protest, is less than 1% of the total sales subject to Pointe Coupee Parish's assessment.
[2] Simons Petro asserts that the tax collector's claim Section 40 relief is prescribed. The taxpayer again claims that because the formal assessment letter failed to include the amount of $18,080.42, which is the difference between the amount stated in the formal assessment letter and the total amount calculated at the full parish-wide rate, the tax collector's claim to collect that amount was untimely. Since Pointe Coupee Parish did not issue another formal assessment letter in compliance with the notice requirements of Article III, Chapter 13 of the Code of Ordinances of Pointe Coupee Parish, advising the taxpayer of the additional amount, Simons Petro suggests that, having paid under protest the total amount stated in the formal assessment letter, there is no tax "due" under Section 40 to support a cause of action in favor of the tax collector. For the reasons stated in Simons Petroleum, Inc. v. Falgout, XXXX-XXXX at pp. 5-8, 873 So.2d at 68-71, we find no error in the trial court's action overruling Simons Petro's peremptory exception of prescription. Having concluded that the tax collector's claim for the additional amount of $18,080.42 is not prescribed, the assertion that Pointe Coupee Parish's pleading does not state a cause of action for relief under Section 40 because the tax collector cannot allege that Simons Petro failed to pay a "tax due" is without merit.
[3] Simons Petro avers that Pointe Coupee Parish's Section 40 rule actually seeks to determine the additional tax of $18,080.42 again urging this because of the lack of notice of that additional amount as specified in Article III, Chapter 13 of the Code of Ordinances of Pointe Coupee Parish. Thus, suggesting that the trial court could not have properly included the additional amount of $18,080.42 in its October 15, 2002 judgment, the taxpayer asserts that the relief sought by the tax collector herein is the same as that sought in the earlier proceeding and is precluded under La. R.S. 13:4231. But in the October 15, 2002 judgment, the trial court implicitly denied Simons Petro's objections of prescription and no cause of action, expressly awarding the additional amount sought by Pointe Coupee Parish. The tax collector's ability to execute or give effect to that judgment, devolutively appealed by Simons Petro, was not suspended. See La. C.C.P. art.2087. Moreover, in Simons Petroleum, Inc. v. Falgout, XXXX-XXXX at pp. 4-8, 873 So.2d at 68-71, we found no merit in the taxpayer's contention that the claim for the additional amount of $18,080.42 in sales taxes was untimely and affirmed the trial court's award of that additional amount. Accordingly, we disagree with the taxpayer's characterization that in this rule under Section 40 the actual relief the tax collector seeks is a determination of the additional amount of sales taxes due.